UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8842 CAS (CTx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | HEATHER STERN, ETC. v. CINGULAR WIRELESS CORPORATION; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| J. Paul Cignac<br>Robert Curtis | | Shelley Hall<br>James Grant |

**Proceedings:** **MOTION FOR PARTIAL RECONSIDERATION OF CLASS CERTIFICATION ORDER** (filed 09/08/08)

**I.   INTRODUCTION**

The facts and procedural history of this action are known to the parties and summarized in the Court's August 22, 2008 order granting in part and denying in part plaintiff's motion for class certification ("Class Certification Order").

On December 20, 2005, plaintiff Heather Stern, on behalf of herself and all others similarly situated, filed the instant putative class action against Cingular Wireless LLC ("Cingular Wireless"), erroneously sued as Cingular Wireless Corp., AT&T Wireless Services, Inc. ("AT&T Wireless"), and several Doe defendants. On June 8, 2006, defendants Cingular Wireless and AT&T Wireless moved to compel arbitration pursuant to the arbitration clause in plaintiff's contract. By order dated July 24, 2006, the Court held that the class action waiver clause in plaintiff's contract is unconscionable, and that the arbitration clause is therefore unenforceable. July 24, 2006 Order at 8. Accordingly, the Court denied defendants' motion to compel arbitration. On August 2, 2007, plaintiff filed her operative second amended complaint ("SAC") against defendants AT&T Mobility Corp. f/k/a Cingular Wireless Services, Inc. f/k/a AT&T Wireless, AT&T Mobility LLC f/k/a Cingular Wireless, and Does 1 through 10. The SAC asserts claims for (1) violation of the Federal Communications Act ("FCA"), 47 U.S.C. §§ 201 et seq.; (2) breach of written contract; (3) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq.; (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; and (5) violation of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8842 CAS (CTx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | HEATHER STERN, ETC. v. CINGULAR WIRELESS CORPORATION; ET AL. | | |

Cal. Pub. Util. Code § 2890. Plaintiff also seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq.

On June 17, 2008, the Court denied defendants' motion for summary judgment ("Summary Judgment Order"). On August 22, 2008, the Court granted in part and denied in part plaintiff's motion for class certification. The Court denied plaintiff's motion for class certification as to claims challenging the placement of unauthorized charges on customers' bills. Class Certification Order at 21. With respect to the claims alleging that defendants placed misleading billing descriptions on customers' bills, the Court granted plaintiff's motion to the extent that it sought to certify a class of residents in Washington and California. Id.

On September 8, 2008, defendants filed the instant motion for reconsideration of the Court's Class Certification Order, arguing that the record does not show that the billing descriptions misled anyone, including Stern. Plaintiff filed an opposition on September 22, 2008. Defendants filed their reply on September 29, 2008. The Court finds and concludes as follows.

## II. LEGAL STANDARD

Local Rule 7-18 sets forth the bases upon which this Court may reconsider a previous order. The Rule provides as follows:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise or reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8842 CAS (CTx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | HEATHER STERN, ETC. v. CINGULAR WIRELESS CORPORATION; ET AL. | | |

### III. DISCUSSION

Defendants argue that Stern has no standing to pursue the billing description claims and therefore the Court should not have certified a class. Mot. at 2 (citing Lierboe v. State Farm Mut. Auto Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003)). Defendants contend that Stern cannot show injury-in-fact, causation, and redressability. Mot at 3 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). Defendants argue that Stern did not read her bills until one month prior to the filing of this lawsuit and did not contact ATT Wireless to question the billing descriptions. Mot. at 5 (citing Summary Judgment Order at 3). Defendants further argue that Stern cannot establish injury or causation for alleged misrepresentations that she did not see. Mot. at 4 (citing Laster v. T-Mobile USA, Inc., 407 F. Supp. 2d 1181, 1194 (S.D. Cal.2005); Cattie v. Wal-Mart Stores, Inc., 504 F. Supp. 2d 939, 947-49 (S.D. Cal. 2007)). Moreover, defendants contend that Stern admitted under oath that she understood the line item descriptions. Id. (citing Stern Dep. at 51-52).

Defendants further argue that Stern does not have standing merely because she paid her bills. Id. at 6. Defendants contend that payment is insufficient because, to prove standing on a misrepresentation claim, a plaintiff must show a causal nexus to the challenged conduct. Id. (citing Hall v. Time, Inc., 158 Cal. App. 4th 847, 857-58 (2008); Medina v. Safe-Guard Prods. Int'l, Inc., 164 Cal. App. 4th 105 (2008)). Defendants argue that this requirement makes the misrepresentation claim different than the cramming claim, which this Court concluded Stern had standing to pursue based on payment alone. Id. (citing Summary Judgment Order at 21, 24). Defendants acknowledge that UCL claims may not require proof of causation, but argue that the CLRA and FCA require a plaintiff to show injury and causation. Id. at 7-8. Defendants contend that Stern must prove that she paid her bills because the line-item descriptions misled her in some way. Id. at 8. Defendants further contend that a court cannot presume injury for Stern because she is a named plaintiff who did not hear or see an allegedly deceptive misrepresentation. Id. at 8-9 (citing Vasquez v. Superior Court, 4 Cal. 3d. 800, 814 (1971); Deitz v. Comcast Corp., 2007 WL 2015440, *5, n.4 (N.D. Cal. July 11, 2007)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8842 CAS (CTx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | HEATHER STERN, ETC. v. CINGULAR WIRELESS CORPORATION; ET AL. | | |

    Moreover, defendants contend that plaintiff has failed to show that anyone was misled by the billing descriptions. Id. at 9. Defendants argue that plaintiff has presented no evidence that subscribers were misled to believe that "the line-item charges represented anything other than what they were – mMode data services and discounted international dialing." Id. at 10. Defendants further argue that evidence of customers who complained about the charges shows that "the bill descriptions provided adequate information to put subscribers on notice so they could have mistakes corrected." Id. Defendants contend that plaintiff has not identified "even one subscriber who saw the bill descriptions, claims the descriptions misled her, and contends that she paid the charges thinking they were for something else." Id.

    Plaintiff responds that defendants have "misused" the motion for reconsideration as "a vehicle for rearguing issues previously decided by this Court." Opp'n at 2. Plaintiff argues that defendant's motion does not fall within one of the grounds for reconsideration enumerated in Local Rule 7-18 because defendants failed to raise the issue of standing in their opposition to plaintiff's motion for class certification. Opp'n at 3. Plaintiff further argues that the Court has already considered defendants' argument that plaintiff purportedly failed to read her bill. Id.; Summary Judgment Order at 9 ("nothing in the FCA or case law requires a telephone customer to read a bill"); Class Certification Order at 10 ("Defendants appear to argue that plaintiff's claims are not typical because although plaintiff 'purchased features in an oral transaction at a retail store and failed to read her bills, other potential class members purchased features in different ways and presumably chose to read the information given to them'"). Plaintiff contends that courts in the Central District of California "routinely deny motions for reconsideration that are little more than a disguised effort to challenge as erroneous opinions and orders which affect one party adversely." Opp'n at 5; e.g. Nat'l Rural Telecoms. Coop v DIRECTV, Inc., 319 F. Supp.2d 1094 (C.D. Cal. 2003).

    Additionally, plaintiff argues that defendants' motion must be denied on the merits. Plaintiff contends that she read her billing descriptions one month prior to this litigation, did not understand what she was being billed for, and paid the bills. Opp'n at 8-9. Plaintiff further contends that the Court has already ruled that whether the billing descriptions at issue are misleading is a disputed question of fact. Opp'n at 10. Lastly, plaintiff argues that customer complaints do not show that a billing description is "sufficiently clear in presentation and specific enough in content so that customers can

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8842 CAS (CTx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | HEATHER STERN, ETC. v. CINGULAR WIRELESS CORPORATION; ET AL. | | |

accurately assess that the services for which they are billed correspond to those that they have requested and received." Id. (citing 47 C.F.R. § 64.2401(b)).

The Court concludes that defendants' motion should be denied. Defendants have not shown the emergence of new material facts, a change of law, or a failure by this Court to consider material facts presented to it. The Court has considered defendants' argument that plaintiff did not read her bill in its prior orders. Summary Judgment Order at 9; Class Certification Order at 10. Furthermore, defendants acknowledged that plaintiff read her bill one month prior to filing this litigation. Mot. at 5. Additionally, the Court addressed defendants' argument that plaintiff admitted at her deposition that she understood the billing descriptions. Class Certification Order at 11 ("defendants challenge plaintiff's credibility on the grounds that ... plaintiff admitted during deposition that she understood what was meant by [the billing descriptions] ... the Court is unpersuaded by defendants' arguments"). Defendants have done little more than rehash their prior arguments.

Moreover, the Court concludes that the relevant question for standing is whether the billing descriptions were objectively misleading, not whether plaintiff paid her bill because she was misled by the billing descriptions. Class Certification Order at 16 ("this Court has previously explained, in its prior order denying defendants' motion for summary judgment, that liability is established under section 201(b) of the FCA by showing that challenged billing descriptions were objectively misleading"). As the Court has already concluded, the allegedly misleading nature of the billing descriptions is a disputed question of fact. Summary Judgment Order at 19 ("There is plainly a disputed question of fact as to whether the billing descriptions are misleading").

## IV. CONCLUSION

In accordance with the foregoing, the Court DENIES defendants' motion for reconsideration.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8842 CAS (CTx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | HEATHER STERN, ETC. v. CINGULAR WIRELESS CORPORATION; ET AL. | | |

|  | 00 : 06 |
|---|---|
| Initials of Preparer | CMJ |