J. Paul Gignac, State Bar No. 125676
Kiley L. Grombacher, State Bar No. 245960
ARIAS OZZELLO & GIGNAC, LLP
4050 Calle Real, Suite 130
Santa Barbara, California 93110
Telephone: (805) 683-7400
Facsimile: (805) 683-7401
j.paul@aogllp.com
kgrombacher@aogllp.com

Peter J. Bezek, State Bar No. 102310
Robert A. Curtis, State Bar No. 203870
FOLEY BEZEK BEHLE & CURTIS, LLP
15 West Carrillo Street
Santa Barbara, California 93101
Telephone: (805) 962-9495
Facsimile: (805) 962-0722
pbezek@foleybezek.com
rcurtis@foleybezek.com

Attorneys for Plaintiff
and Class Counsel

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| HEATHER STERN, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>AT&T MOBILITY CORPORATION f/k/a CINGULAR WIRELESS CORPORATION, a Delaware corporation; NEW CINGULAR WIRELESS SERVICES, INC. f/k/a AT&T WIRELESS SERVICES, INC., a Delaware corporation; AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1

**NOTICE OF MOTION AND RENEWED MOTION FOR CERTIFICATION OF THE CRAMMING CLASSES**

| | |
|---|---|
| ) | **RENEWED MOTION FOR CERTIFICATION OF THE CRAMMING CLASSES** |
| Case No. 2:05-cv-08842 CAS (CTx) | Date: February 9, 2009<br>Time: 10:00 a.m.<br>Courtroom: 5 |
| | Assigned to the Honorable Christina A. Snyder |

**CLASS ACTION**

**NOTICE OF MOTION AND RE...**

---

2

**NOTICE OF MOTION AND RENEWED MOTION FOR
CERTIFICATION OF THE CRAMMING CLASSES**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD IN THIS ACTION**:

**PLEASE TAKE NOTICE** that on February 9, 2009, at 10:00 a.m., or as soon thereafter as this matter may be heard by and before the Honorable Christina A. Snyder, in Courtroom 5 of this United States District Court, located at 312 North Spring Street, Los Angeles, California, plaintiff Heather Stern ("Plaintiff") shall move this Court, pursuant to Rule 23 of the *Federal Rules of Civil Procedure*, for an order:

(1) certifying, as to the first (violation of the Federal Communications Act) and second (declaratory relief under the Declaratory Judgment Act) claims for relief alleged in the Second Amended Complaint in this action, a plaintiff class ("the Cramming Class") defined as follows: "All residents of the State of Washington and the State of California who initiated service, whether as new customers or as preexisting customers, with Cingular Wireless LLC or AT&T Wireless Services, Inc., for wireless telephone service at an AT&T Wireless or Cingular Wireless direct retail location on or after December 20, 2001, and who at any time thereafter were billed and paid for mMode Data Service and/or ENH Discount INTL Dial without authorizing Cingular Wireless LLC or AT&T Wireless Services, Inc. to bill them for the service(s)"; and

(2) certifying, as to all claims for relief alleged in the Second Amended Complaint in this action, a plaintiff subclass ("the California Cramming Subclass") defined as follows: "All residents of the State of California who initiated service, whether as new customers or as preexisting customers, with Cingular Wireless LLC or AT&T Wireless Services, Inc., for wireless telephone service at an AT&T Wireless or Cingular Wireless direct retail location on or after December 20, 2001, and who at any time thereafter were billed and paid for mMode Data Service and/or ENH Discount INTL Dial without authorizing Cingular Wireless LLC or AT&T Wireless Services, Inc. to bill them for the service(s)";

(3)   certifying Plaintiff as the representative of the Cramming Class and the California Cramming Subclass ("the Cramming Classes"); and

(4)   appointing J. Paul Gignac, Esq., of the law firm of Arias Ozzello & Gignac $^{LLP}$, and Peter J. Bezek, Esq. and Robert A. Curtis, Esq., of the law firm of Foley Bezek Behle & Curtis, $^{LLP}$, as Class Counsel for the Cramming Classes pursuant to Rule 23(g) of the *Federal Rules of Civil Procedure*.

This motion is brought on the grounds that the Cramming Classes properly may be certified under Rule 23(a) of the *Federal Rules of Civil Procedure* because: (a) each of the Cramming Classes is so numerous (numbering in the multiple thousands) that joinder of all members of the Cramming Classes in this action is impracticable; (b) there are questions of law and fact which are common to the members of the Cramming Classes; (c) the claims of Plaintiff are typical of the claims of the members of the Cramming Classes; and (d) Plaintiff will fairly and adequately represent and protect the interests of the members of the Cramming Classes.

This motion is brought on the further grounds that the Cramming Classes properly may be certified under Rule 23(b)(3) of the *Federal Rules of Civil Procedure* because: (a) the questions of law and fact common to the members of the Cramming Classes predominate over the questions of law and fact, if any, which affect only individual members of the Cramming Classes; and (b) a class action is superior to any other available method for the fair and efficient adjudication of the claims for relief asserted on behalf of the Cramming Classes in this action.

This motion is based upon this Notice, the Memorandum of Points and Authorities filed in support thereof, the declarations filed herewith as well as the exhibits thereto, the pleadings and records on file or lodged with the Court in this action, of which the Court is requested to take judicial notice pursuant to Rule 201 of the *Federal Rules of Evidence*, and such additional oral argument and documentary evidence as may be presented at the hearing on this motion.

**NOTICE OF MOTION AND RENEWED MOTION FOR
CERTIFICATION OF THE CRAMMING CLASSES**

1   This motion is a resubmitted motion pursuant to Local Rule 7-17 of the *U.S.
2   Central District Local Rules*. On January 18, 2008, Plaintiff filed a motion for class
3   certification seeking certification of two "cramming classes" and two "bill description
4   classes" as defined in that motion. On August 22, 2008, this Court granted
5   certification of two bill description classes (as subsequently defined in an Order
6   issued by this Court on November 17, 2008 – Doc. No. 204) but denied certification
7   of the two cramming classes. (Doc. No. 183.) In denying certification of the two
8   cramming classes, the Court stated:

> In response to the Court's questions at oral argument as to what evidence pertaining to the purchase of cellular telephones at retail stores would establish a class-wide method of proving cramming, counsel for plaintiff argued that the service contract provides a class-wide method of proof because by its terms it supercedes any oral representations made to class members. The difficulty with this argument is that the service agreement incorporates, but does not specify, the rate plans selected by customers. Thus, there is presently no evidence from which it can be determined on a class-wide basis what services were selected and what service were provided. ***While such evidence may be available, it has yet to be provided. Accordingly, the Court finds that plaintiff has at this juncture failed to meet her burden to establish a plausible class-wide method to prove cramming***. (Doc. No. 183, at p. 16; emphasis added.)

17   In response to the Court's ruling, on September 4, 2008, Plaintiff propounded
18   document requests to Defendants seeking the "Rate Plan Brochures" for mMode Data
19   Service and/or ENH Discount INTL Dial that had been provided to Defendants'
20   California and Washington resident customers during the relevant time period. On
21   the same date, Plaintiff also served Defendants with a notice of deposition pursuant
22   to Fed.R.Civ.P 30(b)(6) requesting that one or more witnesses be produced to testify
23   regarding the content of the Rate Plan Brochures and the circumstances under which
24   the Rate Plan Brochures were provided to Defendants' customers during the relevant
25   time period.
26   ///
27   On October 24, 2008, in response to Plaintiff's document requests, Defendants

produced documents related to the Rate Plan Brochures and other relevant "Sales Information" to Plaintiff's counsel. On December 9, 2008, in response to Plaintiff's amended deposition notice, Defendants produced a witness to testify on their behalf regarding the Rate Plan Brochures and other relevant "Sales Information". Based on the documents produced and the deposition testimony adduced, Plaintiff files this resubmitted motion for certification of the Cramming Classes.[1]

This motion is made following the conference of counsel, pursuant to Local Rule 7-3 of the *U.S. Central District Local Rules*, which took place on December 17, 2008.

Dated: January 14, 2009

ARIAS OZZELLO & GIGNAC LLP
FOLEY BEZEK BEHLE & CURTIS, LLP


By _____/s/_____
J. Paul Gignac
Attorneys for Plaintiff
and Class Counsel

---

[1] The definitions of the Cramming Classes are not the same definitions that were proposed in Plaintiff's previous motion for class certification. Rather, they have been modified to correspond to the scope of the definitions applicable to the two "bill description" classes already certified by this Court. See, Doc. No. 204, at p. 6.