1   Steven P. Rice (State Bar No. 094321)
        srice@crowell.com
2   CROWELL & MORING LLP
3   3 Park Plaza, 20th Floor
    Irvine, California  92614-8505
4   Telephone:  (949) 263-8400
    Facsimile:  (949) 263-8414
5
6   Kathleen Balderrama (State Bar No. 222022)
        kbalderrama@crowell.com
7   CROWELL & MORING LLP
    515 South Flower Street, 40th Floor
8   Los Angeles, California 90071-2258
    Telephone:  (213) 622-4750
9   Facsimile:  (213) 622-2690

10  Attorneys for Defendants

11              UNITED STATES DISTRICT COURT
12   CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

13  HEATHER STERN, on behalf of         CASE NO. CV 05-8842 CAS (CTx)
    herself and all others similarly situated,
14                                      [PROPOSED] ORDER GRANTING
         Plaintiff,                     PRELIMINARY APPROVAL OF THE
15                                      *STERN I* SETTLEMENT
         v.
16                                      Hearing Date:  May 17, 2010
    AT&T MOBILITY CORPORATION           Time:          10:00 a.m.
17  f/k/a CINGULAR WIRELESS             Courtroom:     5
    CORPORATION, et al.,
                                        
18       Defendants.
    PAUL LOZANO, on behalf of himself   Hon. Christina A. Snyder, presiding
19  and all others similarly situated,
                                        CASE NO. CV 02-0090-CAS (AJWx)
20       Plaintiff,
21       v.
    AT&T WIRELESS SERVICES, INC.,
22  et al.,
         Defendants.
23  HEATHER STERN, on behalf of         CASE NO. SACV 09-1112-CAS (AGRx)
    herself and all others similarly situated,
24
         Plaintiff,
25       v.
26  NEW CINGULAR WIRELESS
    SERVICES, INC. f/k/a AT&T
27  WIRELESS SERVICES, INC., et al.,    CONSOLIDATED FOR
28       Defendants.                    COORDINATED SETTLEMENT
                                        APPROVAL PURPOSES ONLY
                                        Case Nos. CV 05-8842; CV 02-0090; SACV 09-1112
                                        [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
                                        THE *STERN I* SETTLEMENT

1   Plaintiffs moved this Court, on April 14, 2010, for an Order preliminarily
2   approving the Settlement Agreement in *Stern v. AT&T Mobility Corporation f/k/a*
3   *Cingular Wireless Corporation, et al.*, Case No. CV 05-8842 CAS (CTx) (*"Stern*
4   *I"*), certifying a Settlement Class in *Stern I*, approving the unified notice and claims
5   administration program proposed for the Settlements of the Consolidated Cases,[1]
6   and establishing a schedule for final approval proceedings for the Settlements of the
7   Consolidated Cases, and on April 21, 2010, Defendants joined in Plaintiffs' motion
8   (collectively, the "Preliminary Approval Motion").

9   Upon considering the Preliminary Approval Motion, including all of the
10  supporting papers filed by Plaintiffs and Defendants, the *Stern I* Settlement
11  Agreement and Release (the *"Stern I* Settlement Agreement"), the arguments of
12  counsel and other materials relevant to this matter, and good cause appearing, it is
13  **ORDERED** that:

14  1.   Subject to further consideration by the Court at the time of the Fairness
15  Hearing, the Court finds that the *Stern I* Settlement Agreement was entered into at
16  arms length by experienced counsel and only after extensive arms length
17  negotiations, and the Court preliminarily approves the *Stern I* Settlement as fair,
18  reasonable and adequate to the *Stern I* Settlement Class (defined herein) and as
19  falling within the range of possible final approval such that it is appropriate to order
20  dissemination of notice of the *Stern I* Settlement to potential members of the *Stern I*
21  Settlement Class in the manner set forth herein below.

22  \\
23  \\
24

25
26
27
28

---

[1] The Consolidated Cases are *Stern I, Lozano v. AT&T Wireless Services, Inc., et al.*, Case No. CV 02-0090 CAS (AJWx) (*"Lozano"*), and *Stern v. New Cingular Wireless Services, Inc. f/k/a AT&T Wireless Services, Inc. et al.*, Case No. SACV 09-1112 CAS (AGRx) (*"Stern II"*). These cases are consolidated for settlement purposes only.

crowell moring
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

Class Certification

2.     For purposes of the *Stern I* Settlement only, the Court certifies under Federal Rule of Civil Procedure 23(a) and (b)(3) the following settlement class (the "*Stern I* Settlement Class"):

> All persons who are residents of the United States or its territories, who, whether as a new customer or as a preexisting customer, subscribed with AT&T Wireless Services, Inc. and any entity that, prior to October 26, 2004, was affiliated with AT&T Wireless Services, Inc. ("AWS") for wireless telephone service during the Class Period, and who at any time during the Class Period were billed and paid, but were not refunded in full, for mMode Data Service ("mMode") and/or ENH Discount International Dial ("EDID"). The Class Period is from December 20, 2001 through the Effective Date of the *Stern I* Settlement Agreement (the "*Stern I* Class Period"). The Effective Date is the first date when all of the following events shall have occurred: (a) the entry of the Final Approval Order by the Court, following the completion of the Class Notice Program and the Fairness Hearing; and (b) the statutory deadline for filing an appeal has expired, or if an appeal is taken, the date when the appeal has been decided or resolved in such a way as to leave the Final Approval Order in effect and the time for any further appeal or review has expired.

3.     Excluded from the *Stern I* Settlement Class are:

> a.   Current and former employees, officers, directors, agents, or legal representatives of AWS or AT&T Mobility ("ATTM") and their affiliated entities;
>
> b.   Government agencies;
>
> c.   Persons who were subscribers to any pre-paid rate plan;
>
> d.   Persons with a Corporate B2B account; and

crowell moring

3 Park Plaza, 20ᵗʰ Floor
Irvine, CA 92614-8505
(949) 263-8400

e. Persons who have an outstanding balance due on their AT&T Wireless account that was terminated during the Class Period, of eight dollars ($8.00) or more (determined as of the date Notice is sent to the Settlement Class).

4.     To be eligible for the mMode benefit of an $8 check, a member of the *Stern I* Settlement Class must declare, under penalty of perjury, that he or she did not understand what mMode meant when it appeared on his or her bill or did not authorize AWS to bill him or her for mMode. To be eligible for the EDID benefit of a $10 check, a member of the *Stern I* Settlement Class must declare, under penalty of perjury, that he or she did not understand what EDID meant when it appeared on his or her bill or did not authorize AWS to bill him or her for EDID.

5.     The Court preliminarily finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 are satisfied, including the requirements that:

a. the members of the *Stern I* Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

b. there are questions of law and fact common to the *Stern I* Settlement Class, which predominate over any individual question(s);

c. the claims of the representative plaintiff are typical of the claims of the other members of the *Stern I* Settlement Class;

d. the representative plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the *Stern I* Settlement Class; and

e. a class action is superior to alternative means of resolving the claims and disputes at issue in this action.

6.     The Court hereby appoints: (i) J. Paul Gignac of Arias Ozzello & Gignac, LLP, and (ii) Peter J. Bezek and Robert Curtis of Foley Bezek Behle & Curtis LLP as Class Counsel for purposes of the *Stern I* Settlement only. The Court

crowell moring
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

1   preliminarily finds that Class Counsel and Heather Stern, the *Stern I* Class

2   Representative, will fairly and adequately represent and protect the interests of the

3   absent members of the *Stern I* Settlement Class.

4       7.      The *Stern I* Settlement Agreement shall be used for settlement purposes

5   only.  The fact of, or any provision contained in, the *Stern I* Settlement Agreement

6   or any action taken pursuant to it shall not constitute an admission of the validity of

7   any claim or any factual allegation that was or could have been made by Plaintiffs

8   and members of the *Stern I* Settlement Class in the present action or of any

9   wrongdoing or liability of any kind on the part of AWS, ATTM, or any of the

10  Defendants.  The *Stern I* Settlement Agreement shall not be offered or be admissible

11  in evidence by or against Defendants or any Released Parties (as defined in the *Stern*

12  *I* Settlement Agreement) or cited or referred to in any other action or proceeding,

13  except: (a) in any action or proceeding brought by or against the Parties to enforce

14  or otherwise implement the terms of the *Stern I* Settlement Agreement, or (b) in any

15  action involving Plaintiffs, members of the *Stern I* Settlement Class, or any of them,

16  in which the allegations are based on the same factual bases and allegations set forth

17  in this case, to support a defense of res judicata, collateral estoppel, release, waiver

18  or other theory of claim preclusion, issue preclusion, or similar defense.

19      8.      Pending further orders by this Court, all proceedings in this case (other

20  than proceedings pursuant to this Order) shall be stayed and all members of the

21  *Stern I* Settlement Class who do not request exclusion from the *Stern I* Settlement

22  Class in the manner required by this Order shall be enjoined from commencing or

23  prosecuting any action, suit, proceeding, claim, or cause of action in any jurisdiction

24  or court against AWS, ATTM or any of the Defendants relating to or arising out of

25  the subject matter of this action or the claims released under the *Stern I* Settlement

26  Agreement.

27  \\

28  \\

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

Notice Plan

9.     The Court finds that the Notice Plan, as described in the papers supporting the Preliminary Approval Motion, including, but not limited to, the Declaration of Jeanne Finegan, signed April 21, 2010, the Supplemental Declaration of Jeanne Finegan, signed May 10, 2010, the Supplemental Declaration of Steven P. Rice, signed May 11, 2010 (the "Supplemental Rice Declaration"), and the Supplemental Brief regarding Dissemination of Notice to the Class Members, dated May 11, 2010, satisfies Federal Rule of Civil Procedure 23 and is approved.  The Court finds that the Notice Plan: (a) constitutes the best notice practicable under the circumstances, (b) shall constitute due and sufficient notice to the *Stern I* Settlement Class of the pendency of the Action, of certification of the *Stern I* Settlement Class, of the terms of the proposed *Stern I* Settlement Agreement, of their right to exclude themselves from, or object to, the proposed settlement, and of the Fairness Hearing, and (c) fully complies with United States law.

10.     The Court finds that the use of a single, unified notice procedure in each of the Consolidated Cases is particularly appropriate because members of the *Stern I* and *Lozano* Settlement Classes are included within the class of persons who will receive notice of the UCC Settlement.   Consequently, the use of a single, unified notice procedure will eliminate the need for similar but separate notices, reduce Class Member confusion, and benefit Class Members in all three of the Consolidated Cases.  Accordingly, the Court directs the Parties to provide the notice described in the Notice Plan, as follows:

> a. Bill Inserts:  ATTM shall insert the Short Form Class Notice (in substantially the same form as Exhibit A to the Supplemental Rice Declaration) into the paper bills sent to reasonably ascertainable

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

potential members of the UCC Settlement Class[2] who: (i) are current ATTM subscribers, (ii) consistently have been subscribers of AWS, Cingular, and ATTM from 2004 through the present, and (iii) receive monthly paper bills from ATTM.  The monthly paper bill shall also contain the Bill Message in substantially the same form as Exhibit E to the Supplemental Rice Declaration.

b. <u>Email Notice</u>:   The Claims Administrator shall send an email containing the Short Form Class Notice and a link to the Long Form Class Notice (in substantially the same form as Exhibit B to the Supplemental Rice Declaration) on the Settlement Website to: (a) reasonably ascertainable potential members of the UCC Settlement Class who are current ATTM  subscribers, and  who  consistently have been subscribers of AWS, Cingular, and ATTM since 2004 but who  do  not  receive  paper  bills  and  for  whom  ATTM  has  email addresses, and (b) reasonably ascertainable potential members of the  UCC  Settlement  Class  who  are  former  AWS  subscribers associated  with  unique  subscriber  IDs  and  who  have  email addresses on record with ATTM.

c. <u>Publication Notice</u>:  the Court directs publication of the Short Form Class Notice in one edition each of the following newspapers and magazines:

   o  Parade

   o  USA Weekend

   o  Newsweek

---

[2] The UCC Settlement Class is certified in the Order Granting Preliminary Approval to the *Stern II* Settlement, issued concurrently herewith and filed in both *Stern I* and *Stern II*.

○ Sports Illustrated

○ People

○ Newspapers generally circulated in the U.S. Territories.

In addition, the Court directs an online advertising campaign in which the settlements are advertised as "banner ads" on websites, such as Facebook, Hotmail, Yahoo, Yahoo Mail, AOL and AOL E-Mail. The banner ads shall be in substantially the same form as the examples provided in Exhibits G and H to the Supplemental Rice Declaration.

d. <u>Website</u>: The Claims Administrator will establish a Settlement website at www.awssettlement.com, which will contain information about the Settlements, including each of the Settlement Agreements in the Consolidated Cases, the Long Form Class Notice, the Claim Form (in substantially the same form as Exhibit D to the Supplemental Rice Declaration), and contact information for Class Counsel. The website will also include an online Claim Form.

e. <u>Press Release</u>:  A Press Release regarding the settlement shall be issued in substantially the same form as Exhibit F to the Supplemental Rice Declaration.

f. <u>Toll-free Telephone Number</u>:  The Claims Administrator shall establish a toll-free telephone number that will provide pre-recorded information about the Settlements in the Consolidated Cases (substantially following the script set out as Exhibit I to the Supplemental Rice Declaration) and that will permit callers to request a Long Form Class Notice and a Claim Form to be mailed to them.

Each of these communications shall be translated into Spanish and disseminated in a manner intended to reach Spanish speaking Class Members.

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

1   11.   The Court approves as to form and content and authorizes the use of the

2   Short Form Class Notice, the Long Form Class Notice, the Bill Message, the Banner

3   Ads, the Press Release, the Website, and the Script for the Toll-free Telephone

4   Number substantially similar to those a ttached as Exh ibits A-C and E-I to the

5   Supplemental Rice Declaration.   The Court approves as to form and content and

6   authorizes the use of a Claim Form substantially similar to that attached as Exhibit

7   D to the Supplemental Rice Declaration.   The Parties may change the notices or the

8   Claim Form to reflect operative hearing and opt-out dates and deadlines or other

9   presently unknown data without further approval from the Court.   The Parties shall

10  begin to disseminate notice as described in this order no later than _July 1st_

11  __, 2010 (the "Notice Date").   The issuance of all notice described in the Notice

12  Plan shall be complete within forty-five days after the Notice Date, no later than

13  _August     15_, 2010 (the "Notice Completion Date").

14  Claims Administration

15  12.   The Court approves the Garden City Group, Inc. as the Claims

16  Administrator for the settlements in the Consolidated Cases.

17  13.   Members of the *Stern I* Settlement Class who wish to be excluded from

18  the *Stern I* Settlement Class must submit a written Request for Exclusion to the

19  Claims Administrator postmarked no later than forty-five (45) days after the Notice

20  Completion Date, _September     29_, 2010 (the "Opt-Out Deadline").   Members

21  of more than one settlement class certified in the Consolidated Cases may submit a

22  single Request for Exclusion.   The Request for Exclusion must: (a) reference the

23  class member's AWS mobile telephone number(s), (b) identify each of the

24  Settlement Classes in the Consolidated Cases from which the class member requests

25  exclusion, (c) be personally signed by the individual class member, and (d) be sent

26  to:

27  AWS Settlement Claims Administrator

28  c/o The Garden City Group, Inc.

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
(949) 263-8400

8   Case Nos. CV 05-8842; CV 02-0090; SACV 09-1112

1     P.O. Box 9482

2     Dublin, OH 43017-4582

3 Within 14 days after the Opt-Out Deadline, by _*October*_ *13*, 2010, the

4 Claims Administrator shall deliver to Class Counsel and counsel for the Defendants

5 a complete list of all valid Requests for Exclusion.

6     14.    Any member of the *Stern I* Settlement Class who elects to be excluded

7 shall not: (i) be entitled to receive any of the benefits of the *Stern I* Settlement; (ii)

8 be bound by the release of any claims pursuant to the *Stern I* Settlement Agreement;

9 (iii) be bound by any orders or judgment in *Stern I*; (iv) gain any rights by virtue of

10 the *Stern I* Settlement Agreement; or (v) be entitled to object to the *Stern I*

11 Settlement or appear at the Fairness Hearing.

12     15.    Members of the *Stern I* Settlement Class who do not submit a Request

13 for Exclusion in compliance with the deadlines and other specifications set forth in

14 this Order shall remain part of the *Stern I* Settlement Class and shall be bound by all

15 proceedings, orders, and judgments of this Court pertaining to the *Stern I* Settlement

16 Class.

17     16.    Any members of the *Stern I* Settlement Class who do not submit a

18 Request for Exclusion in compliance with the deadlines and other specifications set

19 forth in this Order will be allowed to submit claims beginning on the Notice Date.

20 The deadline to submit a claim shall be _*February*_ *13*, 2010, which is ninety

21 (90) days after the Fairness Hearing is held.

22     17.    Any member of the *Stern I* Settlement Class who does not submit a

23 valid and timely Request for Exclusion may object to the *Stern I* Settlement

24 Agreement or to Class Counsel's application for attorneys' fees and costs and

25 incentive awards. Any such member of the *Stern I* Settlement Class shall have the

26 right to appear and be heard at the Fairness Hearing, either personally or through an

27 attorney retained at the class member's own expense. The deadline for filing with

28

1   the Court and service of any objections to the *Stern I* Settlement Agreement shall be

2   forty-five (45) days after the Notice Completion Date, *September* 29, 2010.

3       18.    Any objection to the *Stern I* Settlement must specify that it relates to

4   the *Stern I* Settlement and must be filed in *Stern v. AT&T Mobility Corp., et al.*,

5   Case No. CV 05-8842 CAS (CTx) and served on J. Paul Gignac of Arias Ozzello &

6   Gignac LLP, for Plaintiffs, and Steven P. Rice of Crowell & Moring, for

7   Defendants. Additionally, any objection must provide the *Stern I* Settlement Class

8   member's name and address, contact telephone number, AWS mobile telephone

9   number, and signature (or the signature of his or her representative). Any such

10  objection must state the reasons for the objection and, if the *Stern I* Settlement Class

11  member would like to appear at the Fairness Hearing, provide a statement indicating

12  his or her intent to appear. Only members of the *Stern I* Settlement Class who have

13  filed and served valid and timely objections with notices of intention to appear shall

14  be entitled to be heard at the Fairness Hearing.

15      19.    The Fairness Hearing shall be held before this Court on

16  *November* 15, 2010, at 12:00 Noon to address whether the proposed *Stern I* Settlement

17  should be finally approved as fair, reasonable and adequate. The Parties must

18  submit their Motion for Final Approval of the settlement and any supporting papers,

19  including declarations attesting to compliance with the notice procedures set forth in

20  this Order, no later than *October* 15, 2010.

21      20.    Class Counsel shall file any Motion for attorneys' fees, expenses, and

22  incentive awards for the Class Representatives (the "Motion for Attorneys' Fees")

23  no later than *September* 15, 2010 and also shall post the Motion for

24  Attorneys' Fees on the Settlement website by *September* 16, 2010. The

25  hearing on the Motion for Attorneys' Fees shall be heard before this Court on

26  *November* 15, 2010, at 12:00 NOON.

27      21.    The Court may, for good cause, extend any of the deadlines sets forth

28  in this Order without further notice to the members of the *Stern I* Settlement Class.

crowell moring
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

1  The Fairness Hearing may, from time to time and without further notice to the
2  members of the *Stern I* Settlement Class, be continued by order of the Court.

3      22.    In the event that the proposed *Stern I* Settlement is not approved by the
4  Court, or in the event that the *Stern I* Settlement Agreement becomes null and void
5  pursuant to its terms, this Order and all orders in connection therewith shall become
6  null and void, shall be of no further force and effect, and shall not be used or
7  referred to for any purposes whatsoever in this action or in any other case or
8  controversy.

9

10

11  IT IS SO ORDERED:

12

13  DATED: May 17, 2010

14

15  _Christina A. Snyder_
16  Christina A. Snyder
   United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28