JS-6

1  Steven P. Rice (State Bar No. 094321)
      srice@crowell.com
2  CROWELL & MORING LLP
3  3 Park Plaza, 20th Floor
   Irvine, California  92614-8505
4  Telephone:  (949) 263-8400
   Facsimile:  (949) 263-8414
5
6  Kathleen Balderrama (State Bar No. 222022)
      kbalderrama@crowell.com
7  Emily T. Kuwahara (State Bar No. 252411)
      ekuwahara@crowell.com
8  CROWELL & MORING LLP
   515 South Flower Street, 40th Floor
9  Los Angeles, California 90071-2258
   Telephone:  (213) 622-4750
10 Facsimile:   (213) 622-2690

11 Attorneys for Defendants

12

13             UNITED STATES DISTRICT COURT

14        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15 HEATHER STERN, on behalf of          CASE NO. CV 05-8842-CAS (CTx)
   herself and all others similarly situated,
16                                       **CLASS ACTION**
                Plaintiffs,
17                                       **ORDER GRANTING FINAL
          v.                             APPROVAL TO THE *STERN I*
18                                       SETTLEMENT AND ENTERING
   AT&T MOBILITY CORPORATION             FINAL JUDGMENT PURSUANT TO
19 f/k/a CINGULAR WIRELESS               FED.R.CIV.P. 23(c)(3)(B)**
   CORPORATION, et al.,
20              Defendants.              Hearing Date:  November 15, 2010
                                         Time:          Noon
21                                       Courtroom:     5
22                                       Hon. Christina A. Snyder, presiding
23
24
25
26
27
                                              Case No. CV 05-8842
28  ─────────────────────────────────────────────
    [PROPOSED] ORDER GRANTING FINAL APPROVAL TO THE *STERN I* SETTLEMENT
    AND ENTERING FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 23(c)(3)(B)

*(left margin, vertical text)* crowell moring — 3 Park Plaza, 20th Floor — Irvine, CA  92614-8505 — (949) 263-8400

1     On May 17, 2010, this Court granted preliminary approval to the Settlement

2 Agreement in *Stern, et al. v. AT&T Mobility Corporation f/k/a Cingular Wireless*

3 *Corporation, et al.*, Case No. CV 05-8842 CAS (CTx) ("*Stern I*") (Dkt. No. 293)

4 ("Preliminary Approval Order").  The Court certified the *Stern I* Settlement Class

5 (as defined in the *Stern I* Settlement Agreement) and approved a unified notice and

6 claims administration program for the Settlements of certain Consolidated Cases.[1]

7 The Court directed the Parties to provide Notice of the Settlements of the

8 Consolidated Cases beginning no later than July 1, 2010 and concluding no later

9 than August 15, 2010.  The Court further directed that any objections to the *Stern I*

10 Settlement be filed no later than September 29, 2010.

11     On October 15, 2010, Plaintiffs filed their Motion for Final Approval of the

12 Settlements of the Consolidated Cases and supporting briefing and declarations.

13 (Dkt. No. 327.)  Also on October 15, 2010, Defendants joined in Plaintiffs' Motion

14 for Final Approval and filed supporting briefing and declarations addressing the

15 provision of notice, among other things.  (Dkt. Nos. 328-334.)

16     After considering the Motion for Final Approval, including the supporting

17 papers filed by Plaintiffs and Defendants, the *Stern I* Settlement Agreement and

18 Release (the "*Stern I* Settlement Agreement"),[2] the objections submitted to the *Stern*

19 *I* Settlement, the arguments of all counsel who wished to be heard and any class

20 members who wished to be heard, and all other materials that the Court determined

21 to be relevant to this matter, and good cause appearing, the Court **FINDS** and

22 **ORDERS** as follows:

23 _____

24 [1] The Consolidated Cases are *Stern I*, *Lozano v. AT&T Wireless Services, Inc., et al.*,
Case No. CV 02-0090 CAS (AJWx) ("*Lozano*"), and *Stern v. New Cingular*

25 *Wireless Services, Inc., et. al*, Case No. SACV 09-1112-CAS (AGRx) ("*Stern II*").
These cases are consolidated for settlement purposes only.

26 [2] To the extent not otherwise defined herein, all capitalized terms shall have the

27 meanings attributed to them in the *Stern I* Settlement Agreement.

Case No. CV 05-8842

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO THE *STERN I* SETTLEMENT
AND ENTERING FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 23(c)(3)(B)

3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
(949) 263-8400

crowell moring

<u>Findings of Fact and Law</u>

1.    The Court finds that it has jurisdiction over the subject matter of this action, over all claims raised therein and over all Parties thereto, including all members of the *Stern I* Settlement Class, and the individuals who filed objections to the *Stern I* Settlement, Kwaku Kushindana, James Coffin, and Sally Coffin, with respect to their objections.

<u>*Settlement Class Certification*</u>

2.    The "*Stern I* Settlement Class" is defined as:

All persons who are residents of the United States or its territories, who, whether as a new customer or as a preexisting customer, subscribed with AT&T Wireless Services, Inc. and any entity that, prior to October 26, 2004, was affiliated with AT&T Wireless Services, Inc. (collectively, "AWS"), for wireless telephone service during the Class Period, and who at any time during the Class Period were billed and paid, but were not refunded in full, for mMode Data Service ("mMode") and/or ENH Discount International Dial ("EDID").

3.    The Class Period for the *Stern I* Settlement Class is from December 20, 2001 through the Effective Date of the *Stern I* Settlement Agreement (the "*Stern I* Class Period").  The "Effective Date" is the first date when all of the following events shall have occurred: (a) the entry of this Final Approval Order by the Court; and (b) the statutory deadline for filing an appeal has expired, or if an appeal is taken, the date when the appeal has been decided or resolved in such a way as to leave the Final Approval Order in effect and the time for any further appeal or review has expired.

4.    Excluded from the *Stern I* Settlement Class are:

Case No. CV 05-8842

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO THE *STERN I* SETTLEMENT
AND ENTERING FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 23(c)(3)(B)

crowell moring

3 Park Plaza, 20ᵗʰ Floor
Irvine, CA  92614-8505
(949) 263-8400

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

a.  Current and former employees, officers, directors, agents, or legal representatives of AWS or AT&T Mobility ("ATTM") and their affiliated entities;

b.  Government agencies;

c.  Persons who were subscribers to any pre-paid rate plan;

d.  Persons with a Corporate B2B account;

e.  Persons who have an outstanding balance due on their AT&T Wireless account that was terminated during the Class Period, of eight dollars ($8.00) or more (determined as of July 1, 2010); and

f.  Any person who timely submitted a Request for Exclusion to the Settlement Administrator, the Garden City Group ("GCG"), in accordance with the Notice provided pursuant to the Preliminary Approval Order.

5.      For purposes of the *Stern I* Settlement only, the Court finds that the requirements of Federal Rule of Civil Procedure 23 ("Rule 23") are satisfied, and certifies the *Stern I* Settlement Class under Rule 23(a) and (b)(3).  The Court makes these findings for the reasons articulated in Plaintiffs' and Defendants' briefing supporting the Motions for Preliminary Approval and Final Approval of the *Stern I* Settlement.  Specifically, the Court finds as follows:

a.  the *Stern I* Settlement Class includes approximately 4,316,231 mMode members and approximately 375,000 EDID members[3] and, consequently, the *Stern I* Settlement Class members are so numerous that joinder of all *Stern I* Settlement Class members is impracticable;

---

[3] *See* Declaration of Robert Curtis ¶ 13 (Dkt. No. 269-2).

3

b.  there are questions of law and fact common to the *Stern I* Settlement Class, which predominate over any individual question(s), including, but not limited to:

    i.  whether Defendants placed unauthorized charges on customers' cellular telephone bills, and

    ii.  whether the bills issued to the *Stern I* Settlement Class members contained misleading billing descriptions relating to the mMode and EDID services;

c.  the claims of Heather Stern, the *Stern I* Class Representative, are typical of the claims of the other members of the *Stern I* Settlement Class because the claims of Ms. Stern and all Settlement Class members relate to the Defendants' purported course of conduct in imposing the mMode and EDID charges and including allegedly misleading billing descriptions in the bills issued to the *Stern I* Settlement Class members;

d.  Ms. Stern and Class Counsel[4] have fairly and adequately represented and protected the interests of the *Stern I* Settlement Class because there is no conflict between the *Stern I* Class Representative's claims and the claims of the individual Settlement Class Members and because Class Counsel are well qualified and have vigorously prosecuted the settled litigation; and

e.  this class action settlement is superior to alternative means of resolving the claims and disputes at issue in this action in the context of this settlement.

*Exclusions from the Stern I Settlement Class*

6.      The Court finds that 67 individuals timely and properly requested exclusion from the Settlements of the Consolidated Cases.  Declaration of Jennifer

---

[4] The Court appointed the law firms of Arias Ozzello & Gignac LLP and Foley Bezek Behle & Curtis LLP as "Class Counsel" for *Stern I*.

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
(949) 263-8400

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

Keough ("Keough Dec.") ¶ 14 (Dkt. No. 332).  Each of these 67 individuals is excluded from the *Stern I* Settlement Class.[5]  All members of the *Stern I* Settlement Class, aside from these 67 individuals, will be bound by this Final Approval Order and Judgment.[6]

*Notice Plan*

7.     The papers supporting the Final Approval Motion, including, but not limited to, the Declarations of Steven P. Rice, Jeanne C. Finegan, Christopher Huffstutler, John T. Throckmorton, Pamela Arnold, Jessica Adams, and Jennifer Keough filed on October 15, 2010, describe the Parties' provision of Notice of the Settlements of the Consolidated Cases.  (Dkt. Nos. 329-333.)  Notice was directed to all members of the *Stern I* Settlement Class defined in paragraph 2, above. No objections to the method or contents of the Notice have been received.  Based on the above mentioned declarations, *inter alia*, the Court finds that the Parties have fully and adequately effectuated the Notice Plan, as required by the Preliminary Approval Order, and, in fact, have achieved better results than anticipated or required by the Preliminary Approval Order.

8.     Based on the above mentioned declarations, *inter alia*, the Court further finds that the Notice provided:

a.  constitutes the best notice practicable under the circumstances;

b.  constitutes notice that was concise, clear, written in plain, easily understood language, and was reasonably calculated, under the circumstances, to

---

[5] Kwaku Kushindana requested exclusion but also filed an objection.  The Court finds that Mr. Kushindana has excluded himself from the *Stern I* Settlement Class and therefore cannot object to the *Stern I* Settlement.  However, the Court has nevertheless considered his objection below.

[6] The 67 class members determined by the Settlement Administrator to have timely and properly requested exclusion from the *Stern I* Settlement Class are identified in the list attached hereto as Exhibit "1".

Case No. CV 05-8842
[PROPOSED] ORDER GRANTING FINAL APPROVAL TO THE *STERN I* SETTLEMENT
AND ENTERING FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 23(c)(3)(B)

1 apprise the *Stern I* Settlement Class members of the pendency of the action, the

2 claims, issues, and defenses of the *Stern I* Settlement Class, the definition of the

3 *Stern I* Settlement Class as certified, their right to exclude themselves from, or

4 object to, the proposed settlement, their right to appear at the Fairness Hearing,

5 through counsel, if desired, and the binding effect of a judgment on *Stern I*

6 Settlement Class members;

7        c. constitutes due, adequate, and sufficient notice to the all members of

8 the *Stern I* Settlement Class; and

9        d. meets all applicable requirements of the Federal Rules of Civil

10 Procedure, the United States Code, and the United States Constitution (including the

11 Due Process clause), and fully complies with any other applicable law.

12 *Benefits, Attorneys' Fees and Expenses, and Incentive Payments*

13       9. As stated in the Preliminary Approval Order, *Stern I* Settlement Class

14 members who did not submit a Request for Exclusion may submit claims to GCG

15 through February 13, 2011 ("Claim Deadline").

16       10. The *Stern I* Settlement benefits include the following:

17       a. mMode: ATTM will provide a check in the amount of $8 (the "mMode

18 Member Benefit") for each line of service for which a benefit is requested to each

19 *Stern I* Settlement Class member who submits a Claim Form[7] on or before the Claim

20 Deadline and that is approved by GCG as provided herein ("Approved Claim");

21       b. EDID: ATTM will provide a check in the amount of $10 (the "EDID

22 Member Benefit") for each line of service for which a benefit is requested to each

23 *Stern I* Settlement Class member who submits a Claim Form on or before the Claim

24 Deadline that is an Approved Claim;

25

26 [7] "Claim Form" means the form used by a Class Member to submit a claim, which

27 was approved by the Court in the Preliminary Approval Order.

28

Case No. CV 05-8842

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO THE *STERN I* SETTLEMENT
AND ENTERING FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 23(c)(3)(B)

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

1       c. *Stern I* Settlement Class members may submit a Claim Form and

2  receive benefits regarding both mMode and EDID if both claims are Approved

3  Claims; and

4       d. Within 30 days after the entry of this Order, ATTM will notify its

5  company-owned retail stores in the United States and its customer care

6  representatives (in call centers handling consumer calls and inquiries) of the terms

7  of the *Stern I* Settlement Agreement and instruct them to respond to customer

8  inquiries accordingly until the deadline for submitting a claim under the Settlement

9  has passed.

10      11.   As stated in the *Stern I* Settlement Agreement and the Preliminary

11  Approval Order, to be eligible for the mMode Member Benefit or the EDID

12  Member Benefit, a member of the *Stern I* Settlement Class must, by the Claim

13  Deadline, submit a Claim Form to GCG in which he or she provides the information

14  required by the Claim Form, including but not limited to a declaration, under

15  penalty of perjury, that:

16      a. mMode:  the *Stern I* Settlement Class member did not understand what

17  mMode meant when it appeared on his or her bill or did not authorize AWS to add

18  the mMode charge to his or her bill; and/or

19      b. EDID:  the *Stern I* Settlement Class member did not understand what

20  EDID meant when it appeared on his or her bill or did not authorize AWS to add the

21  EDID charge to his or her bill.

22      12.   GCG shall be responsible for determining whether a claimant has

23  submitted a Claim Form that is an Approved Claim.  Defendants may challenge a

24  submitted Claim Form seeking the mMode Member Benefit only on the grounds

25  that the claimant was never billed or paid for mMode.  Defendants may challenge a

26  submitted Claim Form seeking the EDID Member Benefit only on the grounds that

27  the claimant was never billed or paid for EDID.

28

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

Case No. CV 05-8842

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO THE *STERN I* SETTLEMENT
AND ENTERING FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 23(c)(3)(B)

13.     ATTM shall issue the settlement benefits, with the assistance of GCG, as soon as practical after the Effective Date.

14.     Plaintiffs and their counsel have moved this Court for an Order awarding attorneys' fees, expenses, and incentive awards, by motion filed September 15, 2010.   The Court has awarded attorneys' fees, expenses, and incentive awards in a separate order, dated November 22, 2010 ("Fee Order").

15.     As stated in the *Stern I* Settlement Agreement, within five (5) business days of the entry of this Order, ATTM shall deposit the amount of the attorneys' fees and expenses awarded to Class Counsel and the incentive award to the Representative Plaintiff, in the amounts provided in the Fee Order, in an interest bearing account controlled by ATTM for the benefit of Class Counsel and the Representative Plaintiff at one or more financial institutions selected by Class Counsel and approved by ATTM.   Within three (3) business days after the Effective Date, ATTM shall execute such documents as are necessary to release the attorneys' fees and expenses and any incentive award so deposited, together with any and all interest accrued, net of any expenses charged by the financial institution, to Class Counsel, who then shall be responsible to promptly pay Representative Plaintiff her approved incentive award together, with her pro rata share of any interest earned.

16.     The Parties agreed in the *Stern I* Settlement Agreement not to file or cooperate in the filing of any appeals relating to the award of Class Counsel's attorneys' fees or expenses so long as any such award does not exceed the maximum amount of such award set forth in the *Stern I* Settlement Agreement.   The Court finds this agreement to be fair and reasonable and to constitute a valid and enforceable waiver of the right to appeal as stated herein.

*Approval of the Stern I Settlement*

17.     In determining whether to approve the *Stern I* Settlement Agreement, the Court has considered the "the strength of plaintiffs' case; the risk, expense,

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO THE *STERN I* SETTLEMENT
AND ENTERING FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 23(c)(3)(B)

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

crowell moring

3 Park Plaza, 20ᵗʰ Floor
Irvine, CA 92614-8505
(949) 263-8400

1  complexity, and likely duration of further litigation; the risk of maintaining class

2  action status throughout the trial; the amount offered in settlement; the extent of

3  discovery completed, and the stage of the proceeding; the experience and views of

4  counsel; the presence of a governmental participant; and the reaction of the class

5  members to the proposed settlement." *Class Plaintiffs v. City of Seattle*, 955 F.2d

6  1268, 1291 (9th Cir. 1992).  *See also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d

7  454, 459 (9th Cir. 2000).  After consideration of each of these factors as applicable,

8  the Court finds that the *Stern I* Settlement is fair, reasonable and adequate and is in

9  the best interests of the *Stern I* Settlement Class.

10      18.     The Court makes these findings for the reasons articulated in Plaintiffs'

11  and Defendants' briefing supporting the Motions for Preliminary Approval and

12  Final Approval of the *Stern I* Settlement and for the reasons identified by the parties

13  and the Court at the Final Approval Hearing on November 15, 2010.  Specifically,

14  the Court finds as follows:

15      a.  Plaintiffs in *Stern I* face significant litigation risk and expense and the

16  possibility of little or no recovery if the case were to proceed to trial.  In contrast,

17  this Settlement provides an estimated 47 to 68 percent of the class members'

18  damages.   *See* Curtis Dec. ¶¶ 13-14 (Dkt. No. 269-2).  The Court finds that this

19  monetary benefit is fair and reasonable.  *See In re Mego Fin. Corp. Sec. Litig.*, 213

20  F.3d at 459 (approving settlement providing approximately 16% of plaintiffs'

21  potential recovery).

22      b.  The claims of the *Stern I* Settlement Class members have been the

23  subject of extensive litigation since 2005 and involved numerous contested motions,

24  including a motion to compel arbitration (and an appeal thereof), AWS' motion for

25  summary judgment, and motions for class certification.  The Parties have engaged in

26  extensive discovery, allowing counsel to make informed decisions about settlement.

27  Class Counsel in *Stern I* are experienced in class actions and knowledgeable about

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO THE *STERN I* SETTLEMENT
AND ENTERING FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 23(c)(3)(B)

1  the claims.  Accordingly, the Court finds that Class Counsel's view of the settlement

2  as fair, reasonable and adequate warrants great weight.  *See In re Wash. Public*

3  *Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1392 (D. Ariz. 1989).

4      c.  The neutral mediator, the Honorable Howard B. Wiener, Justice of the

5  California Court of Appeal, Ret., has opined that the terms of the *Stern I* Settlement

6  are fair and reasonable to the *Stern I* Settlement Class members.  The Court finds

7  that the *Stern I* Settlement Agreement was entered into at arms length by

8  experienced counsel and only after extensive arms-length negotiations.  *See, e.g.,*

9  Declaration of Hon. Howard Wiener ¶ 21, filed April 21, 2010 (Dkt. No. 274);

10 Declaration of J. Paul Gignac ¶ 8, filed April 14, 2010 (Dkt. No. 269-5); Declaration

11 of Steven P. Rice ¶¶ 6-8, filed April 21, 2010 (Dkt. No. 276).

12      d. Just 67 individuals have opted out of the Settlements of the

13 Consolidated Cases, and no class member has filed an objection to the *Stern I*

14 Settlement.   The Court finds that the reaction of the *Stern I* Settlement Class

15 members to the *Stern I* Settlement weighs in favor of approving the settlement.

16 *Objections to the Stern I Settlement*

17      19.    The Court has received objections to the *Stern I* Settlement from nine

18 individuals.  Six of these individuals, Robert Lynch, Karin Lynch, Marc Gambello,

19 Barbara Cochran, Gene Hopkins, and Clark Richard Brown, have withdrawn their

20 objections and the Court granted the withdrawal of those objections. (Transcript of

21 October 15, 2010 hearing; Dkt. No. 374). The Court finds that objectors Kwaku

22 Kushindana, James Coffin, and Sally Coffin are not members of the *Stern I*

23 Settlement Class and, thus, lack standing to object to the *Stern I* Settlement.  In the

24 alternative, the Court overrules the objections to the *Stern I* Settlement filed by Mr.

25 Kushindana.

26      a. <u>Kwaku Kushindana</u>:   Mr. Kushindana timely filed a Request for

27 Exclusion from the *Stern I* Settlement Class and, consequently, is not a member of

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO THE *STERN I* SETTLEMENT
AND ENTERING FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 23(c)(3)(B)

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
(949) 263-8400

the *Stern I* Settlement Class.  Keough Dec. ¶ 14 (Dkt. No. 332).  The Court finds that Mr. Kushindana lacks standing to object to the *Stern I* Settlement pursuant to Federal Rule of Civil Procedure 23(e)(5).  In the alternative, the Court overrules Mr. Kushindana's objection on the merits, finding that the negotiation process was conducted at arm's-length and that the terms of the *Stern I* Settlement are fundamentally fair, adequate, and reasonable for the reasons set forth above.

b. <u>Sally Coffin</u>:  The Court finds that Ms. Coffin is not a member of the *Stern I* Settlement Class because she was not an AWS subscriber during the *Stern I* Class Period.  *See* Declaration of Caroline B. Mahone-Gonzalez ("Gonzalez Dec.") ¶ 4, filed October 15, 2010 (Dkt. No. 329).  Consequently, the Court finds that Ms. Coffin lacks standing to object to the *Stern I* Settlement pursuant to Federal Rule of Civil Procedure 23(e)(5).

c. <u>James Coffin</u>:  The Court finds that Mr. Coffin is not a member of the *Stern I* Settlement Class because his AWS account did not include any mMode or EDID charges during the *Stern I* Class Period.  *See* Gonzalez Dec. ¶ 3, filed October 15, 2010 (Dkt. No. 329).  Consequently, the Court finds that Mr. Coffin lacks standing to object to the *Stern I* Settlement pursuant to Federal Rule of Civil Procedure 23(e)(5).

<u>ORDER</u>

Based on the findings set forth above, the Court makes the following Orders:

A.      The Court certifies the *Stern I* Settlement Class, as defined above.

B.      The Court holds that objectors Kwaku Kushindana, James Coffin, and Sally Coffin are not members of the *Stern I* Settlement Class and, thus, lack standing to object to the *Stern I* Settlement.  In the alternative, the Court overrules the objections to the *Stern I* Settlement filed by Mr. Kushindana.

C.      The Court grants Plaintiffs' Motion for Final Approval of the *Stern I* Settlement.  The Court further orders as follows:

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
(949) 263-8400

1) The terms of the *Stern I* Settlement Agreement and this Final Approval Order and Judgment are binding on all of the Releasing Parties.[8]

2) The Court deems the *Stern I* Settlement Agreement and every term and provision thereof incorporated herein as if explicitly set forth and with the full force of an order of this Court.  The Parties shall effectuate the *Stern I* Settlement in accordance with the terms of the *Stern I* Settlement Agreement and this Order.  In the event of a conflict between the terms of the *Stern I* Settlement Agreement and this Order, the terms of this Order shall take precedence.

3) The Court orders that, to the extent necessary in connection with this Class Action Settlement, including the provision of notice, administration of claims, or payment of benefits under the *Stern I* Settlement Agreement, Defendant may provide GCG with documents, records, and electronic files relating to Class Members' accounts, notwithstanding any protection from disclosure which might otherwise apply to such documents, records, or electronic files under California Public Utilities Code § 2891, any other federal, state, and territorial laws of similar effect, and any related tariff provisions.

---

[8] "Releasing Parties" are "all Class Members who do not exclude themselves from the Settlement Class" and "their respective current and former officers, directors, employees, attorneys, heirs, executors, administrators, agents, legal representatives professional corporations, partnerships, assigns and successors, but only to the extent such claims are derived by contract or operation of law from the claims of *Stern I* Class Members."  *Stern I* Settlement Agreement ¶ 52.

Case No. CV 05-8842

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO THE *STERN I* SETTLEMENT AND ENTERING FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 23(c)(3)(B)

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
(949) 263-8400

4) Upon the Effective Date, the Released Parties[9] shall be released and forever discharged by the Releasing Parties from the Released Claims.[10]

5) The Releasing Parties are permanently barred and enjoined from:

    a. filing, commencing, prosecuting, intervening in, participating in or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on any causes of action, claims, judgments, liens, indebtedness, costs, damages, obligations, attorneys' fees, losses, liabilities, and demands of whatever kind, source or character, whether arising under state or federal law, whether intentional or non-intentional, that are, were, or could

---

[9] "Released Parties" is defined as "ATTM, AWS, AT&T Mobility Corporation f/k/a Cingular Wireless Corporation, New Cingular Wireless Services, Corp. and each of their present and former parents, subsidiaries, divisions and affiliates and each of their respective current or former officers, directors, employees, agents, insurers and attorneys, and the predecessors, heirs, executors, administrators, legal representatives, successors and assigns of each of the foregoing." *Stern I* Settlement Agreement ¶ 52.

[10] "Released Claims" is defined as "all causes of action, judgments, liens, indebtedness, costs, damages, obligations, attorneys' fees, losses, claims, liabilities and demands of whatever kind, source or character whether arising under any federal or state law, which includes, but is not limited to, the Federal Communications Act, 47 U.S.C. § 201 *et seq.*, the California Unfair Competition Law, Business and Professions Code § 17200, *et seq.*, the California Consumer Legal Remedies Act, Civil Code §§ 1750, *et seq.*, the Racketeer Influenced and Corrupt Organizations Act, and antitrust, consumer and other statutory and common law claims, whether alleging or based on intentional or non-intentional conduct, arising on or before the Effective Date, which are, were or could have been asserted against any of the Released Parties by reason of, arising out of, or in any way related to any of the facts, acts, events, transactions, occurrences, courses of conduct, business practices, representations, omissions, circumstances or other matters raised by the *Stern I* Action or addressed in the *Stern I* Settlement Agreement, whether any such claim was or could have been asserted by any Releasing Party on its own behalf or on behalf of other persons. The Released Claims include, without limitation, all Claims regarding the billing and disclosure of mMode and EDID. *Stern I* Settlement Agreement ¶¶ 18, 52.

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

have been asserted against any Released Party regarding the Released Claims; and

b. filing, commencing, prosecuting, intervening in, participating in or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on an allegation that any action of any of the Released Parties, that is in compliance with the *Stern I* Settlement Agreement, violates any legal right of any Releasing Party regarding the Released Claims.

6) The Court orders that the terms of the *Stern I* Settlement Agreement and this Final Approval Order and Judgment shall have maximum *res judicata*, collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses that are based on or in any way related to the Released Claims.

7) The Court orders that this Final Approval Order and Judgment, the *Stern I* Settlement Agreement, the Settlement which it reflects, and any and all acts, statements, documents, or proceedings relating to the *Stern I* Settlement are not, and shall not be construed as, or used as an admission by or against Defendants or the Released Parties of any fault, wrongdoing, or liability on their part, or of the validity or certifiability for litigation of any Released Claim or the existence or amount of any damages.

D. The Court orders the Parties and their counsel to implement and consummate the *Stern I* Settlement Agreement according to its terms and provisions,

Case No. CV 05-8842

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO THE *STERN I* SETTLEMENT
AND ENTERING FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 23(c)(3)(B)

3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
(949) 263-8400

crowell moring

1  including the payment of benefits and attorneys' fees following the procedures

2  described in the *Stern I* Settlement Agreement and described above.

3       E.    The Court hereby dismisses this lawsuit on the merits and with

4  prejudice and enters Final Judgment.

5       F.    Without affecting the finality of the Final Approval Order and

6  Judgment, the Court shall retain exclusive and continuing jurisdiction to enforce the

7  terms of the *Stern I* Settlement Agreement, and all Parties and the *Stern I* Settlement

8  Class members submit to the exclusive jurisdiction of the Court with respect to the

9  enforcement of the *Stern I* Settlement Agreement.

10       G.    In the event that the *Stern I* Settlement does not become effective

11  according to the terms of the *Stern I* Settlement Agreement, this Final Approval

12  Order and Judgment shall be rendered null and void as provided by the *Stern I*

13  Settlement Agreement, shall be vacated, and all orders entered and releases

14  delivered in connection herewith shall be null and void to the extent provided by and

15  in accordance with the *Stern I* Settlement Agreement.

16

17       IT IS SO ORDERED:

18

19  DATED:  November 22, 2010

20

21                               Christina A. Snyder

22                          United States District Judge

23

24

25

26

27

28

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

crowell moring

Case No. CV 05-8842
[PROPOSED] ORDER GRANTING FINAL APPROVAL TO THE *STERN I* SETTLEMENT
AND ENTERING FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 23(c)(3)(B)